IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

SAMUEL TEPPER,

                Plaintiff,

     vs.

TALENT PLUS, INC.,

                Defendant.

**4:21CV3033**


**ORDER**

Plaintiff has moved to file an amended complaint. (Filing No. 48). Plaintiff seeks to allege a claim that he was retaliated against in violation of his rights under the Nebraska Fair Employment Practices Act (NFEPA), Neb. Rev. Stat. §48-1114, because he opposed Defendant's alleged unlawful practice of falsely representing that its director of research had a Ph.D. (Filing No. 48-1, at CM/ECF p. 12, ¶ 72). Under the court's case management order, the deadline for moving to amend the complaint was October 18, 2021. (Filing No. 26). Plaintiff's motion to amend was filed on November 14, 2022. (Filing No. 48).

For the reasons stated below, the motion to amend will be denied.

ANALYSIS

Under Rule 16(b) of the Federal Rules of Civil Procedure, a party seeking leave to amend a pleading outside of the time period established by a scheduling order must first demonstrate good cause for failing to timely amend the complaint. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." Id. at 716. Although prejudice to the nonmovant

resulting from modification of the scheduling order may be a relevant factor, the court will generally not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines. Id. at 717 (citing Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)). "Rule 16(b)'s good-cause standard is not optional." Id. at 716.

In support of his claim of due diligence, Plaintiff states that until recently, he believed his initial complaint alleged the NFEPA retaliation allegation he now wants to add. Plaintiff states that until Defendant objected to discovery on the topic, Plaintiff believed Defendant knew the false Ph.D. allegations were part of the NFEPA retaliation claim.

In response to Plaintiff's initial complaint, Defendant moved to dismiss the NFEPA retaliation claim, outlining its understanding of that claim as follows.

> Tepper alleges that: (a) he was "made aware" that one of Talent Plus's clients expressed concerns that it (Talent Plus's client) had been accused of racial discrimination after using Talent Plus's metrics (Complaint, ¶19), (b) he then attended a staff meeting related to Talent Plus's client's concerns (Complaint, ¶20), (c) he told the other attendees of that meeting that Talent Plus's client's concerns "needed to be addressed" and "attempted to lay out several ways which the team could work to address them" and (Complaint, ¶22), (d) he participated in a discussion about "how the allegation that the tool was discriminatory against minorities would be in violation of the law and even the allegation of being discriminatory against minorities could have a negative business impact." (Complaint, ¶23).

Filing No. 5, at CM/ECF p. 19-20.

After reviewing the parties' briefing, Judge Gerrard denied the motion to dismiss the NFEPA retaliation claim, explaining "[a]n employment practice made

unlawful pursuant to the Nebraska Fair Employment Practices Act is for an employer to fail or refuse to hire or otherwise discriminate against any individual because of such individual's race." (Filing No. 19, at CM/ECF p. 11). Since Plaintiff's complaint alleged his "discharge came on the heels of his confrontation with Giuseffi regarding an assessment instrument which a client reported was alleged to be racially discriminatory," the complaint sufficiently stated a NFEPA retaliation claim. (Id.) Judge Gerrard's decision was entered on June 22, 2021.

Although neither Defendant's brief nor Judge Gerrard's decision made any reference to false Ph.D. allegations when discussing the NFEPA retaliation claim, Plaintiff did not move amend the complaint to add those allegations prior to the deadline for doing so. When Defendant objected to discovery on the Ph.D. issue, Plaintiff moved for clarification of Judge Gerrard's order on the motion to dismiss.

In his decision entered on October 25, 2022, Judge Gerrard held the plaintiff's complaint, even construed liberally, did not give fair notice of a NFEPA claim based on false Ph.D. allegations. He held that "[t]o permit the plaintiff to pursue an NFEPA claim premised on the false Ph.D. representation would, at this point, effectively permit the plaintiff to amend his pleading to include a claim that was not effectively pled (despite what the plaintiff may have intended)." Filing No. 45, at CM/ECF p. 7. Judge Gerrard concluded Plaintiff was responsible for the misunderstanding, Defendant was prejudiced by it, and "[i]f the plaintiff is to amend his pleading, he must follow the rules for doing so." Id.

As the master of his complaint, Plaintiff had both the opportunity and the obligation to clearly allege his claims. Winfrey v. City of Forrest City, Arkansas, 882 F.3d 757, 758 (8th Cir. 2018). Plaintiff knew from the outset that he intended to base his NFEPA claim, in part, on the alleged Ph.D. misrepresentation. And based on Defendant's brief on the motion to dismiss and the court's order,

Plaintiff should have known Defendant was not considering the false Ph.D. allegation as part of the NFEPA retaliation claim. Plaintiff's description of the claim in the Rule 26(f) Report (filed after the order on the motion to dismiss) provided no clarity on the issue: Plaintiff did not specifically mention the Ph.D. allegation when describing the NFEPA claim. (Filing No. 25, at CM/ECF p. 3). Then, Plaintiff did not move to amend the complaint to add the allegation by the deadline for doing so. As Judge Gerrard has specifically held, the complaint did not provide notice of a NFEPA retaliation claim based on the alleged Ph.D. misrepresentation, and Defendant was thereby prejudiced.

Plaintiff has not shown good cause for failing to timely amend. Accordingly,

IT IS ORDERED:

1)    Plaintiff's motion to amend, (Filing No. 48), is denied.

2)    On or before January 6, 2023, the parties shall jointly propose deadlines for further progression of this case to trial.

Dated December 19, 2022.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

4