IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SAMUEL TEPPER,<br><br>    Plaintiff,<br><br>vs.<br><br>TALENT PLUS, INC.,<br><br>    Defendant. | **4:21CV3033**<br><br>**ORDER** |

Defendant has filed a motion for protective order, asking the court to stay all discovery pending a ruling on Defendant's motion for summary judgment. ([Filing No. 60](#)). Plaintiff has filed a Rule 56(d) motion, asking the court to defer ruling on the pending motion for summary judgment, ([Filing No. 63](#)), until the Plaintiff can obtain depositions from Defendant and its executives. ([Filing No. 71](#)). For the reasons explained below, and the motion for protective order will be granted, the motion for Rule 56(d) deferment and discovery will be denied.

In this lawsuit, Plaintiff alleges Defendant breached an employment contract by terminating Plaintiff's employment. Plaintiff further alleges a claim for promissory estoppel, alleging he relied on representations made by the defendant to his detriment. Relying nearly exclusively on Tepper's deposition testimony, along with documentation exchanged between the parties, Defendant has moved for summary judgment. No defense witness testimony is offered in support of the motion. Defendant claims that assuming Tepper's testimony is true, Tepper does not have a valid claim for breach of contract or promissory estoppel under Nebraska law.[1]

---

[1] Plaintiff is no longer pursuing the NFEPA claim at the trial court level. ([Filing No. 73-1, at CM/ECF p. 1](#), n.1).

Defense counsel states he notified Plaintiff's counsel that based on Tepper's deposition, Tepper's claims are frivolous. After receiving Defendant's interpretation of the law, instead of dismissing his claims, Plaintiff noticed a 30(b)(6) deposition of the Defendant corporation and depositions of two corporate executives. Defense counsel argues these depositions are a waste of time and money, and the court should stay discovery.

Plaintiff's counsel states she has been requesting defense depositions from some time, but those requests were ignored. Plaintiff's counsel claims she needs depositions from the defendant before responding to Defendant's summary judgment motion. She asks the court to hold that motion is abeyance until her requested depositions can be taken.

Under Rule 56(d), a court may defer considering a summary judgment motion and allow time for discovery "[i]f a nonmovant shows by affidavit or declaration that, for specific reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The party seeking Rule 56(d) discovery must set forth some facts he hopes to elicit from the discovery. The party seeking to defer a summary judgment ruling pending discovery must explain what facts exist but are unavailable absent discovery, and how those facts are material to the summary judgment ruling. Merely asserting that "evidence supporting a party's allegation is in the opposing party's hands is insufficient to justify a denial of a summary judgment motion on Rule 56(d) grounds." Anzaldua v. Ne. Ambulance & Fire Prot. Dist., 793 F.3d 822, 836–37 (8th Cir. 2015). A party moving for relief under Rule 56(d) must affirmatively demonstrate why he cannot respond to a movant's evidence on summary judgment, and how postponing the summary judgment ruling will enable him, by discovery or other means, to show there are genuine issues of material fact which preclude entry of judgment as a matter of

law. Willmar Poultry Co. v. Morton–Norwich Prods., Inc., 520 F.2d 289, 297 (8th Cir.1975).

Here, in support of her Rule 56(d) motion, Plaintiff's counsel states he needs to discover:

- The recollection of Doug Rath (Defendant's Chairman of the Board) and the understanding of McKenzie Rath (Defendant's President) regarding the promises made to Tepper, the parties' intentions, any changes to the contract after the offer letter was signed, and whether working documents changed the agreed upon conditions of Tepper's employment; and

- Tepper's alleged performance deficiencies, and the representations made to Tepper that "could have induced him to leave his employment in Chicago, join the defendant in Lincoln, Nebraska, and reasonably believe he would not be fired for doing what he was hired to do."

(Filing No. 73-1, at CM/ECF pp. 2-3) (quoting Filing No. 19, at CM/ECF p. 9).

As summarized by Plaintiff, this lawsuit stems from the employment of Plaintiff with Defendant, Talent Plus, Inc. and Defendant's inducement to Plaintiff to get him to leave his prior employment, the terms and agreements of employment, the termination of the Plaintiffs employment, and the damage caused to the Plaintiff by the Defendant's actions. (Filing No. 73-1). Plaintiff need not rely on the recollection of Doug Rath, the understanding of McKenzie Rath, or Defendant's corporate testimony to present evidence of the terms of a contract to which he was a party, the terms and conditions of his employment, the promises he relied on, his termination, or his resulting damages. His testimony concerning these facts is now memorialized in his deposition transcript, and that transcript is submitted to the court in support of Defendant's motion. If additional

3

facts must be obtained to supplement or provide context for Plaintiff's deposition testimony, Plaintiff has those facts in his possession.

Plaintiff has offered no evidence explaining what facts are in Defendant's possession—and not also his own—that could create a genuine issue of material fact. If there is a disagreement between the parties regarding Plaintiff's contract terms, Plaintiff needs only his own testimony to create a factual dispute and survive summary judgment. And as to the promissory estoppel claim, only the plaintiff can explain the statements he relied on when deciding to move to Lincoln to work for Defendant.

The court understands that defense depositions will be needed if this case proceeds to trial. But Plaintiff needs only his own testimony to create an issue of fact. The defendant depositions can wait until the parties know whether summary judgment will be granted. If it is granted, Plaintiff will have saved the time and expense of deposing the defense witnesses. If it is denied, the defense witnesses can be deposed after the summary judgment ruling. But on the record before me, the court is not aware of any facts in Defendant's possession and unavailable to Plaintiff that could be obtained through discovery and change the outcome of the pending summary judgment motion.

Accordingly,

IT IS ORDERED:

1) Defendant's motion for protective order and to stay discovery, ([Filing No. 60](#)), is granted. Discovery is stayed pending further order of the court.

2) Plaintiff's Rule 56(d) motion to defer a ruling on summary judgment pending Plaintiff's corporate deposition discovery, ([Filing No. 71](#)), is denied.

4

3) Plaintiff's response to Defendant's Motion for Summary Judgment, ([Filing No. 63](Filing No. 63)), shall be filed on or before November 28, 2023, and any reply filed within seven days thereafter.

November 7, 2023.                    BY THE COURT:

                                     *s/ Cheryl R. Zwart*
                                     United States Magistrate Judge